USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                           :
                                                    :    03-CR-1492 (JMF)
         -v-                                        :
                                                    :    MEMORANDUM
JASON SEPULVEDA,                                    :    OPINION AND ORDER
                                                    :
                      Defendant.                    :
                                                    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Defendant Jason Sepulveda, proceeding *pro se*, has filed a motion to terminate his supervised release.  (Docket Nos. 158, 160).  Upon due consideration of the parties' submissions (Docket Nos. 158, 160, and 164), and mindful of the fact that "[e]arly termination is warranted only occasionally, when changed circumstances — for instance, exceptionally good behavior by the defendant . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)," *United States v. Baffin*, No. 05-CR-48, 2008 WL 4279521, at *1 (S.D.N.Y. Sept. 18, 2008) (internal quotation marks omitted), Sepulveda's motion is DENIED substantially for the reasons set forth in the Government's letter of November 9, 2016.  (Docket No. 164).

    Put simply, Sepulveda's actions in complying with the terms of his supervised release "are expected and required by the judgment entered in this action.  They are not exceptional." *United States v. Simon*, No. 09-CR-118 (SHS), 2012 WL 4842249, at *1-2 (S.D.N.Y. Oct. 10, 2012); *see also, e.g.*, *United States v. Singer*, No. 08-CR-587, 2012 WL 3062136, at *1 (E.D.N.Y. July 25, 2012) ("[A] defendant's compliance with the conditions of his probation, without more, is insufficient to warrant early termination . . . ." (collecting cases)).  And to the extent that the terms of Sepulveda's supervised release are hampering his employment or prospects of promotion, as he suggests, the remedy is not early termination — at least in the first

instance. Instead, he should discuss the situation with his probation officer and seek appropriate relief from the Court if necessary. *Cf. United States v. Trans*, No. 06-CR-862 (JGK), 2009 WL 3460723, at *1 (S.D.N.Y. Oct. 23, 2009) (concluding that travel restrictions did not warrant early termination where the defendant had "never brought to the Court a dispute about a travel request that has not been granted by the Probation Department. The Court expects that the Probation Department will be reasonable in allowing travel for the defendant, and if there is any issue, the defendant can make an appropriate application to the Court.").

Accordingly, Sepulveda's motion for early termination is DENIED. In addition, Sepulveda's motion for a sentencing reduction pursuant to Title 18, United States Code, Section 3582(c) is DENIED, as it appears to be moot. (Docket No. 164, at 3).[1]

The Clerk of Court is directed to terminate Docket Nos. 144, 158, 160, and to mail a copy of this Order to the Sepulveda at 13 Giles Avenue, Jersey City, New Jersey 07306. The Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 29, 2016
  New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] As discussed in the Government's letter, neither the Court nor the Government has been able to locate a copy of Sepulveda's earlier motion. Based on the docket entry, however, it would appear to be moot, as Sepulveda is no longer incarcerated. In light of the uncertainty, the motion is denied without prejudice to renewal.